UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

WISCONSIN LABORERS HEALTH FUND,
BUILDING & PUBLIC WORKS LABORERS
VACATION FUND, and THOMAS FISHER,

     Plaintiffs,
 v.              Case No. 08-CV-415

TRUC MASONRY INC., CURTIS PETERSON
and MARCY PETERSON,

     Defendants.

_____

# ORDER

On May 12, 2008, plaintiffs Wisconsin Laborers Health Fund, Building & Public Works Laborers Vacation Fund, and Thomas Fisher filed a complaint naming Truc Masonry Inc., Curtis Peterson and Marcy Peterson as defendants. The complaint alleges that defendants failed to make timely and prompt contributions to plaintiffs on behalf of their employees covered under a collective bargaining agreement. Plaintiffs paid the filing fee for this action, and have filed a certificate of interest and a consent to proceed before a magistrate judge. To date, no answer to the complaint or other pleading by any party has been filed, and it appears that the defendants have not been served with the summons and complaint. On December 16, 2008, the court issued an order giving plaintiffs notice of their failure to serve defendants within the 120-day time limit set forth in Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)"). (Docket #3). The court ordered that plaintiffs

provide good cause for their failure to serve the defendants. The court warned that if plaintiffs did not show good cause to the court within twenty days of the order, the court would dismiss this action without prejudice pursuant to Rule 4(m) and Civil Local Rule 41.1.

Rule 4(m) requires a plaintiff to show good cause for failing to serve a defendant within 120 days of the filing of a complaint. In order to show good cause, a plaintiff must demonstrate a "valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Dir.*, 290 F.3d 932, 933-34 (7th Cir. 2002) (citations omitted). Even in the absence of good cause, the court may, in its discretion, extend the time for service where a plaintiff shows excusable neglect. *See id.* at 934.

On January 5, 2009, plaintiffs filed an amended complaint adding six additional defendants. Plaintiffs have not provided any explanation or otherwise responded to the court's December 16, 2008 order. The mere filing of an amended complaint does not, by itself, restart the 120-day clock under Rule 4(m). Nor does it provide the court with good cause or show excusable neglect. Because the plaintiffs have failed to provide the court with any cause, let alone good cause, for not timely serving the defendants, the court is obliged to dismiss this case.

Accordingly,

**IT IS ORDERED** that the plaintiffs' complaint (Docket #1), and amended complaint (Docket #5) be and the same are hereby **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and Civil Local Rule 41.1.

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of January, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge